ANDERSON, Appellant, vs. SAVOY, Respondent.

*February 4—February 22, 1910.*

*Sales: Breach by vendor: Damages.*

Where, after breach by the vendor of a contract to furnish ice to a retailer, the latter made no reasonable effort to procure ice elsewhere, although he might have obtained plenty of it at, or for less than, the contract price, and no actual damage from the breach is shown, only nominal damages are recoverable.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is a second appeal from judgment in the same action, reported 137 Wis. 44, 118 N. W. 217. Upon *remittitur,* the cause was referred to a referee to take evidence upon the question of damages, and was then heard in court upon the evidence so taken and upon some other evidence offered in open court. The court found the contract as stated upon the former appeal; the breach thereof by the defendant substantially as there set forth; that the wholesale price of ice during the season of 1904 was from sixty cents to $1 per ton; that there were three wholesale concerns dealing at wholesale in ice in the city of Milwaukee, where plaintiff carried on a retail business; that plaintiff made no application to such wholesalers, although they were dealing in ice of the kind required by him in his contract, and made no reasonable effort to procure ice to take the place of that which the defendant failed to furnish. Accordingly the court rendered judgment for the plaintiff for six cents damages; also judgment for the defendant upon its counterclaim for the unpaid price of the ice which plaintiff had received. From that judgment plaintiff appeals.

For the appellant the cause was submitted on the brief of *McGee & Jeger.*

*C. E. Armin,* for the respondent.

By the Court. The finding of the court is not opposed by any clear preponderance of evidence. With that finding, substantially to the effect that plenty of ice could have been purchased at or less than the contract price nearer to plaintiff's place of business, and that he made no reasonable effort to obtain it, he has failed to establish general damages in any amount. Whether there might, nevertheless, be actual damages in the way of disturbance of business before plaintiff could · obtain ice elsewhere when defendant unexpectedly failed to deliver it, or for expenses incurred in searching for ice, it is unnecessary to discuss. No evidence was offered of the amount of any such damages, even if it might be inferable that plaintiff had suffered them. Therefore no recovery for more than nominal damages could be awarded him.

Judgment affirmed.